**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JASON SMITH and ANIKA SMITH,**

    **Plaintiffs,**

**vs.**                              **CASE NO.:  6:23-cv-2014**

**SELECTIVE INSURANCE COMPANY**
**OF THE SOUTHEAST,**

    **Defendant.**
_____/

## COMPLAINT

**COME NOW** the Plaintiffs, JASON SMITH and ANIKA SMITH ("Plaintiffs"), by and through their undersigned counsel, and hereby sue the Defendant, SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST ("Defendant"), and as grounds therefor state as follows:

## PARTIES

1.  At all times material hereto, Plaintiffs were and are the owners of real property located at 348 Brookline Avenue, Daytona Beach, Volusia County, Florida 32118.

2.  The Defendant is an insurance company authorized to conduct business in the State of Florida and was engaged in the business of insurance in Volusia County, Florida.

## JURISDICTION AND VENUE

3.     This action arises under the *National Flood Insurance Act*, as amended, 82 Stat. 583, 42 U.S.C. §4001, *et seq*., pursuant to the insurance contract issued to the Plaintiffs. This action, having arisen under an applicable federal statute, namely, 42 U.S.C. §4072, requires the application of federal law pursuant to the general federal jurisdiction provisions of 28 U.S.C. §1331.

4.     The insured property is situated in the Middle District of Florida and venue is proper in this Court pursuant to 42 U.S.C. §4072 and 44 C.F.R. Pt. 61, App. A(1), Article VII(R).

## FACTUAL ALLEGATIONS

5.     Plaintiffs purchased a flood dwelling policy of insurance, Policy No. FLD3390329 (the "Policy"). A copy of the Standard Flood Insurance Policy Dwelling Form is attached hereto and incorporated herein as **"Exhibit A"**.

6.     The Policy issued to the Plaintiffs covered flood damage to the Plaintiffs' dwelling (Building) and personal property (Contents).

7.     Plaintiffs paid all premiums on the Policy and the Policy was in full and continuing force and effect at all relevant times herein.

8.     On or about September 28, 2022, rising water caused the inundation by water of the insured property and the surrounding area

causing flood waters to enter the residence on the insured property. As a direct and proximate result of the flooding, Plaintiffs suffered a direct physical loss to their residence and personal property located at 348 Brookline Avenue, Daytona Beach, Volusia County, Florida 32118. Defendant has partially indemnified Plaintiffs for the damage to the dwelling, but a dispute has arisen over the scope and amount of necessary building damage repairs.

9.    The damage to Plaintiffs' real property was caused by flood and is, therefore, an undisputed covered peril under the Policy.

10.    Plaintiffs made timely application for insurance benefits under the Policy and the claim was inspected and adjusted by or on behalf of the Defendant, but Defendant has improperly failed to pay the full benefits due and owing under the Policy for this loss.

11.    All conditions precedent to obtaining payment of said benefits under the Policy from Defendant have been complied with, met, or waived.

**COUNT I**
**<u>Breach of Contract</u>**

12.    Plaintiffs re-allege and incorporate paragraphs one (1) though eleven (11) as though fully set forth herein.

13.    Defendant has a duty to indemnify the Plaintiffs in the event of a covered cause of loss during the policy period.

3

14. Defendant has breached the Policy of insurance by improperly failing to pay the full benefits due and owing under the Policy for a covered cause of loss during the policy period.

15. Defendant's breach of the Policy of insurance as noted in Paragraph 14 above has proximately caused damage to the Plaintiffs.

16. Plaintiffs have been damaged by failing to receive the full benefits available under the Policy for their loss.

17. Plaintiffs are entitled to the full cost of repair of the damage to their property, including but not limited to, repair to the structure, emergency repairs, and all other coverages afforded by the Policy for this loss.

18. Because of Defendant's improper refusal to pay the losses sustained by Plaintiffs in full, Plaintiffs have retained the services of the undersigned attorney and are obligated to pay a reasonable fee for her services. Plaintiffs are entitled to attorney's fees, costs and case expenses incurred in filing and prosecuting this action pursuant to the Equal Access to Judgment Act ("EAJA"), 28 U.S.C. § 2412.

**WHEREFORE,** Plaintiffs, JASON SMITH and ANIKA SMITH, demand a judgment against the Defendant for:

a. All damages to which Plaintiffs are entitled, including all benefits available under the Policy for this loss;

4

b.  Court costs, case expenses, expert fees and costs, and attorney's fees pursuant to the Equal Access to Judgment Act ("EAJA"), 28 U.S.C. § 2412;

c.  Trial by jury of all issues so triable as a matter of right; and

d.  All further relief that the Court deems just and proper.

**DATED** this 18th day of October, 2023.

/s/Nicole C. Vinson
Nicole C. Vinson, Esq.
Florida Bar No. 34953
STOCKHAM LAW GROUP, P.A.
109 S. Edison Ave.
Tampa, Florida  33606
Telephone: (813) 867-4455
Facsimile: (813) 867-4454
Counsel for Plaintiffs